NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

JAN 27 2021

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| LARRY JOE PRINCE, | No. 19-15618 |
| Plaintiff-Appellant, | D.C. No. 2:00-cv-01084-SRB-JRI |
| v. | |
| TERRY L. STEWART, Director, sued in his official & individual capacity; et al., | MEMORANDUM[*] |
| Defendants-Appellees, | |
| and | |
| SAMUEL SUBLETT; et al., | |
| Defendants. | |

Appeal from the United States District Court
for the District of Arizona
Susan R. Bolton, District Judge, Presiding

Submitted January 20, 2021[**]

Before:     McKEOWN, CALLAHAN, and BRESS, Circuit Judges.

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument.  See Fed. R. App. P. 34(a)(2).

Larry Joe Prince, an Arizona state prisoner housed in Illinois, appeals from the district court's order denying for lack of subject matter jurisdiction his post-judgment motion to enforce a settlement agreement. We have jurisdiction under 28 U.S.C. § 1291. We review de novo. *Kelly v. Wengler*, 822 F.3d 1085, 1094 (9th Cir. 2016). We affirm.

The district court properly denied Prince's motion to enforce the settlement agreement because the court had previously dismissed the action with prejudice and did not expressly retain jurisdiction or incorporate the terms of the settlement agreement in its order. *See Hajro v. U.S. Citizenship & Immigration Servs.*, 811 F.3d 1086, 1099 (9th Cir. 2016) ("If a district court wishes to retain jurisdiction to later enforce the terms of a settlement agreement, the order dismissing a case with prejudice must incorporate the terms of the settlement agreement or expressly retain jurisdiction.").

All pending motions are denied.

**AFFIRMED.**

19-15618